UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOSH DICKSON,<br><br>    Petitioner,<br><br>vs.<br><br>WARDEN VALLEY,<br><br>    Respondent. | Case No. 1:25-cv-00568-REP<br><br>**INITIAL REVIEW ORDER** |

  Petitioner Josh Dickson (Petitioner) has filed a Petition for Writ of Habeas Corpus challenging his state court conviction. Dkt. 3. Federal habeas corpus relief is available to petitioners who are held in custody under a state court judgment that violates the Constitution or laws of the United States. *See* 28 U.S.C. § 2254(a).

  The Court is required to review each newly-filed habeas corpus petition to determine whether it should be served upon the respondent, amended, or summarily dismissed. *See* 28 U.S.C. § 2243. If "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the petition will be summarily dismissed. Rule 4 of the Rules Governing Section 2254 Cases. Habeas corpus law requires that a petitioner "exhaust" his state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To exhaust a claim, a

**INITIAL REVIEW ORDER - 1**

habeas petitioner must fairly present it as a federal claim to the highest state court for review in the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Unless a petitioner has exhausted his state court remedies relative to a particular claim, a federal district court cannot grant relief on that claim, although it does have the discretion to deny the claim. 28 U.S.C. § 2254(b)(2).

State remedies are considered technically exhausted, but not *properly* exhausted, if a petitioner failed to pursue a federal claim in state court and there are no remedies now available. *O'Sullivan*, 526 U.S. at 848. A claim may also be considered exhausted, though not properly exhausted, if a petitioner pursued a federal claim in state court, but the state court rejected the claim on an independent and adequate state law procedural ground. *Coleman v. Thompson*, 501 U.S. 722, 731-732 (1991). Under these circumstances, the claim is considered "procedurally defaulted." *Id*. at 731. A procedurally defaulted claim will not be heard in federal court unless the petitioner shows either that there was legitimate cause for the default and that prejudice resulted from the default, or, alternatively, that the petitioner is actually innocent and a miscarriage of justice would occur if the federal claim is not heard. *Id.*

As explained below, the Court concludes that some of Petitioner's claims may be procedurally defaulted. He may proceed to the next stage of litigation in this matter, which is to determine whether any claim is procedurally barred.

**INITIAL REVIEW ORDER - 2**

REVIEW OF PETITION

1. Background

Petitioner was convicted of grand theft and aggravated driving under the influence in Case No. CR25-21-1820 in an Idaho state court. His judgment was entered on July 7, 2023.[1] He filed a direct appeal, but received no relief. The Idaho Supreme Court denied his petition for review on December 19, 2024.[2] He states that he filed a post-conviction petition, which was denied. He did not file an appeal.

2. Discussion

In the Petition for Writ of Habeas Corpus, Petitioner asserts claims of wrongful conviction based on actual innocence, ineffective assistance of trial and direct appeal counsel claim, insufficient evidence to support a conviction, and excessive sentencing.

As to Petitioner's first claim, the law is clear that claims of actual innocence "have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993). This prohibition exists because "federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution—not to correct errors of fact." *Id*. (citing *Moore v. Dempsey*, 261 U.S. 86, 87-88 (1923) (Holmes, J.) ("[W]hat we have to deal with [on habeas review] is not the petitioners' innocence or

---

[1] https://portal-idaho.tylertech.cloud/odysseyportal/Home/WorkspaceMode?p=0 (search: CR25-21-1820) (accessed 10.25.2025).

[2] *See* Footnote 1.

**INITIAL REVIEW ORDER - 3**

guilt but solely the question whether their constitutional rights have been preserved.")). Accordingly, Petitioner cannot proceed on a claim of actual innocence.

As to claims that generally should be brought on state post-conviction review, such as most ineffective assistance of counsel claims, it is unclear whether Petitioner properly exhausted his claims in the Idaho Supreme Court, because he states he did not file an appeal after denial of his post-conviction petition. Therefore, he may be required to show cause and prejudice or actual innocence to overcome the procedural default of some of his claims; this procedural setting is the only place in a federal habeas corpus action that actual innocence can play a role—showing that procedurally defaulted federal constitutional claims should be heard on the merits. *See Herrera*, 506 U.S. at 404-05 ("[O]ur habeas jurisprudence makes clear that a claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.").

As to Plaintiff's excessive sentencing claim, he must have raised it on Eighth Amendment constitutional grounds in the Idaho Supreme Court before he can proceed on such a claim here. Generally, a claim that a sentence is "excessive" is a state law claim that cannot be heard on federal habeas corpus review for lack of jurisdiction. Examples of constitutional excessive sentencing claims include the following. In *Rummel v. Estelle*, 445 U.S. 263 (1980), the Supreme Court held that a sentence of life imprisonment with an opportunity for parole after twelve years did not constitute cruel and unusual

**INITIAL REVIEW ORDER - 4**

punishment in a situation where a defendant with two prior felony convictions was convicted of obtaining $120.75 by false pretenses. In *Hutto v. Davis*, 454 U.S. 370, 372 (1982), the Supreme Court noted that it had "never found a sentence for a term of years within the limits authorized by statute to be, by itself, a cruel and unusual punishment."

The Court does not have the state court record before it to make a final determination on these procedural matters. The Court will order the Clerk of Court to serve the Petition upon Respondent, who will be permitted to file an answer or a pre-answer motion for summary dismissal.

## ORDER

**IT IS ORDERED:**

1. Petitioner's in Forma Pauperis Application (Dkt. 1) is GRANTED.
2. Petitioner's request for appointment of counsel (contained in the petition) will be reviewed after the Court has had an opportunity to review the state court record and Respondent's initial filing.
3. The Clerk of Court shall serve (via ECF) a copy of the Petition (Dkt. 3), together with a copy of this Order, on L. LaMont Anderson, on behalf of Respondent, at Mr. Anderson's registered ECF address.
4. Within **120 days** after entry of this Order, Respondent shall have the option of filing either of the following: (1) a motion for summary dismissal or partial summary dismissal on procedural grounds (which may be followed by an answer

if the motion is unsuccessful); or (2) an answer and brief on the claims that were adjudicated on the merits by the Idaho Supreme Court, that also includes a brief summary (between one paragraph and several pages) of any procedural defenses for any claims (which may be argued in the alternative).

5. Respondent shall file with the responsive pleading or motion, or within a reasonable time period thereafter, a copy of all portions of the state court record previously transcribed that are relevant to a determination of the issues presented. Any presentence investigation reports or evaluations shall be filed under seal. The lodging of the remainder of the state court record is exempt from the redaction requirements, as provided in District of Idaho Local Civil Rule 5.5(c).

6. If the response to the habeas petition is an answer, Petitioner shall prepare a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which shall be filed and served **within 30 days** after service of the answer. Respondent has the option of filing a sur-reply **within 14 days** after service of the reply. At that point, the case shall be deemed ready for a final decision.

7. If the response to the habeas petition is a motion, Petitioner's response to the motion shall be filed and served **within 30 days** after service of the motion, and Respondent's reply, if any, shall be filed and served **within 14 days** thereafter.

8. No party shall file supplemental responses, replies, affidavits or other documents not expressly authorized by the Local Rules without first obtaining leave of Court.

**INITIAL REVIEW ORDER - 6**

9. No discovery shall be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Rules Governing Section 2254 Cases.

10. The parties may, but need not, file the following in this matter: (1) notices of non-objections to motions to which they do not object; (2) responses to motions for appointment of counsel; (3) responses to motions that are meritless, frivolous, or filed in contravention of this Order; or (4) notices of intent not to file a reply. If additional briefing is required on any issue, the Court will order it.

11. Each party shall ensure that all documents filed with the Court are simultaneously served via the ECF system or by first-class mail upon the opposing party (through counsel if the party has counsel), pursuant to Federal Rule of Civil Procedure 5. Each party shall sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of the person upon whom service was made, or as specified by the applicable ECF rules. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

12. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an

**INITIAL REVIEW ORDER - 7**

appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10 and 11, and Local Rules 5.2 and 7.1. The Court will not consider requests made in the form of letters.

13. Petitioner shall at all times keep the Court and Respondent advised of any changes in address.

14. If Petitioner's custodian changes at any point during this litigation, counsel for Respondent shall file a Notice of Substitution of Respondent within 30 days of such change, identifying the person who is substituted as a Respondent. *See* Fed. R. Civ. P. 25(d); Rule 2(a) of the Rules Governing Section 2254 Cases.

DATED: February 9, 2026

_____
Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge